IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CLIFT SWINDELL                                                                    PLAINTIFF

v.                            Civil No. 13-2080

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Clift Swindell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.   **Procedural Background:**

The Plaintiff filed his application for DIB in January 25, 2011, alleging an onset date of June 15, 2010, due to hypertension, diabetes mellitus, major depressive disorder, and bipolar disorder.  Tr. 107-113, 146, 148, 159.  His claims were denied both initially and upon reconsideration.  Tr. 8, 57-59, 63-64.  An administrative hearing was then held on January 6, 2012.  Tr. 20-54.  Plaintiff was both present and represented at that hearing.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

A the time of the administrative hearing, Plaintiff was 42 years old and possessed the equivalent of a high school education. Tr. 26. He had past relevant work ("PRW") as a motor assembler, receiving clerk, shoulder cutter, and self employed in construction work. Tr. 137-145, 160, 164-173.

On May 4, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's essential hypertension, diabetes mellitus, and bipolar disorder did not meet or equal any Appendix 1 listing. Tr. 10-12. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform medium work involving simple tasks with simple instructions but can have only incidental contact with the public. Tr. 12. He then concluded that the Plaintiff could return to his PRW as a poultry eviscerator.

The Appeals Council denied Plaintiff's request for review on February 5, 2013. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 9, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining

the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

3

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern of the undersigned is the ALJ's dismissal of the RFC assessment completed by Jodi Pearson, Plaintiff's treating therapist. The ALJ states that her assessment is not entitled to significant weight for two reasons: 1) she does not qualify as an acceptable medical source and 2) her assessment is in conflict with the remainder of the record. After reviewing the medical record in this case, we disagree.

First, we recognize that Ms. Pearson is a licensed counselor and not a licensed physician or psychologist. And, according to the social security regulations, only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, provide medical opinions, and be considered treating sources. 20 C.F.R. §§ 404.1527(a)(2), (d) and 416.927(a)(2), (d) (2007). However, other sources, including counselors, may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *see also* SSR 06–3p. Given the medical records establishing a medically determinable impairment and Ms. Pearson's treating relationship with Plaintiff since at least October 2010, we believe the ALJ erred in failing to properly consider her assessment in his RFC determination.

4

Further, the ALJ's contention that Ms. Pearson's assessment contradicts her own treatment records, as well as the records of the psychiatrist and nurse practitioners responsible for Plaintiff's medication management is also without support. The record reveals that Plaintiff suffers from bipolar II disorder complete with depressive episodes, manic episodes, paranoid thoughts, and hallucinations. At times, he has posed both a risk to his own health and well-being and that of others. And, in spite of being complaint with a treatment regimen that includes both psychotropic medications and group and individual therapy, treatment records are replete with notations of minimal to no progress/change and statements that his medications were only moderately effective for the targeted symptoms.[2] Tr. 277-278, 287-288, 344-345, 346-347, 350-351, 367-368, 374-375, 379-380, 382-383, 384-385.

Plaintiff was sent for a one time consultative examination with Dr. Patricia Walz. Tr. 294-300. Dr. Walz diagnosed him with bipolar II disorder and antisocial, narcissistic, and schizoid personality traits. After assessing him with a global assessment of functioning score of 40-50, she made the following statement, "he does seem to be responding to his treatment but still has significant anger issues with limited insight." Tr. 298. She was not, however, asked to provide an RFC assessment.

The ALJ's improper dismissal of Ms. Pearson's assessment left him with only the assessment of a consultative psychologist who never treated or examined Plaintiff. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician

---

[2]Although the record does indicate that the frequency of Plaintiff's therapy sessions was decreased to once every two months in November 2011, the record makes clear that this was done at Plaintiff's request due to his inability to afford more frequent visits. Tr. 282-283. However, he continued to present for his medication management appointments monthly.

who examined the plaintiff once or not at all does not generally constitute substantial evidence). Unfortunately, we do not find this assessment provides substantial evidence to support the ALJ's RFC determination in this case. And, remand is necessary to allow the ALJ to both reevaluate Ms. Pearson's RFC assessment and to obtain additional RFC assessments from Plaintiff's treating psychiatrist and nurse practitioners.

We do note that evidence exists to suggest that Plaintiff was using and/or abusing marijuana. He reported this to Ms. Pearson, the nurse practitioners in charge of overseeing his medication management, and Dr. Walz at various times during the relevant time period. At first glance, this would appear to undermine his disability contention. However, there appears to be a link between bipolar disorder and marijuana abuse. According to the Diagnostic and Statistical Manual of Mental Disorders ("DSM") 5, "[a] common feature of bipolar II disorder is impulsivity, which can contribute to suicide attempts and substance use disorders." DSM 5 136 (5th ed. 2013). This is supported by studies indicating that "substance abuse and anxiety disorders" are frequently associated with bipolar disorder. *See* Kim S. Griswold and Linda F. Pessar, *Management of Bipolar Disorder,* 62 AM. FAMILY PHYSICIAN 1343, 1343 (2000).

Although the ALJ did not conclude that substance abuse was a material factor in this case, he did attempt to use Plaintiff's marijuana abuse to bolster his RFC determination. Without additional information from Plaintiff's treating psychological team, we find this to be improper. Accordingly, on remand, the ALJ is directed to obtain RFC assessments from Plaintiff's treating doctors and therapists, addressing the role that marijuana abuse plays in Plaintiff's level of mental impairment.

AO72A
(Rev. 8/82)

## V. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE